UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TAICHNA CHARLES,

                Plaintiff,

-against-

VERIZON COMMUNICATIONS, INC. &
EXPERIAN INFORMATION SOLUTIONS,
INC.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-03234 (NRM) (AYS)

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Taichna Charles brings this action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and New York General Business Law § 349. ECF No. 6. Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Order. ECF No. 3. For the reasons stated below, Plaintiff's claim is dismissed for lack of standing. Plaintiff is, however, granted thirty days from the date of this Memorandum and Order to submit an amended complaint.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is

2

"frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## **DISCUSSION**

Plaintiff claims that Verizon incorrectly reported her account to Experian, which did not carry out a proper investigation. ECF Nos. 1 and 6 at 2.[1] She contends that this has led to her being denied credit and suffering financial harm. Plaintiff seeks monetary damages.

a. Article III Standing

For Plaintiff to bring a suit in this Court, she must establish that she has standing to pursue her claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014). "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2 and *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992)). To establish standing, a plaintiff must show "(i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed

---

[1] The Court refers to page numbers generated by the Electronic Case Filing System ("ECF"). On June 6, 2025, Plaintiff filed the complaint but did not sign it. ECF No 1. On June 24, 2025, she submitted a signed complaint. ECF No. 6.

3

by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61); *see also Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."). As the Supreme Court explained in *TransUnion*, simply citing a statutory violation does not satisfy this requirement. *TransUnion*, 594 U.S. at 426–27. Plaintiff must have suffered real adverse effects beyond the "procedural violation" of the statute. *Id.* at 440 (citation omitted); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) ("When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term — 'real,' and not 'abstract.'" (citation omitted)); *Thompson v. Equifax Info. Servs. LLC,* No. 20-CV6101 (RPK) (ST), 2022 WL 2467662, at *4 (E.D.N.Y. Feb. 24, 2022).

Here, Plaintiff's allegations that she was "denied credit and suffer[ed] financial damages" are conclusory. ECF No. 6 at 2. Accordingly, Plaintiff fails to plausibly allege that she suffered any concrete injury from the alleged improper information in her credit report. *See Singh v. Equifax Info. Servs., LLC*, No. 25-CV-01317 (HG), 2025 WL 825470, at *1 (E.D.N.Y. Mar. 17, 2025) (remanding action to state court for lack of subject matter jurisdiction where Plaintiff asserted conclusory allegation of her injury under the FCRA); *Gross v. TransUnion, LLC*, 607 F.Supp.3d 269, 273 (E.D.N.Y. 2022) (finding conclusory allegations of harm to "credit worthiness" as well as "embarrassment, humiliation, and other emotional injuries" do not confer standing); *Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022

4

WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022) (holding, in FCRA context, that "conclusory allegations" of "mental and emotional pain, anguish, humiliation, and embarrassment of credit denial," without more, cannot confer constitutional standing). By contrast, courts have found standing where, for example, plaintiff alleged, supported by letters from Chase Bank, that she was "denied credit . . . by Chase Bank on two separate occasions in the Year 2022." *Ross v. Cavalry Portfolio Servs., LLC*, 701 F. Supp. 3d 211, 219 (E.D.N.Y. 2023), *aff'd*, 2024 WL 4404043 (2d Cir. Oct. 4, 2024). As Plaintiff fails to plead plausible facts that she suffered an injury-in-fact as required by Article III, the Court lacks subject matter jurisdiction over her FCRA claims.

  b. Violation of the FCRA

Even if Plaintiff could establish standing, her FCRA claim, as presently pled, fails to state a claim for relief. The FCRA requires that credit reporting agencies ("CRAs") prepare "consumer reports," known otherwise as credit reports, using "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); *Abdallah v. LexisNexis Risk Sols. FL Inc.*, No. 19-CV-3609 (MKB), 2021 WL 6197060, at *6 (E.D.N.Y. Dec. 30, 2021). To succeed on a claim under this section, a plaintiff must establish that: "1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's

5

negligence proximately caused the plaintiff's injury." *Phipps v. Experian*, No. 20-CV-3368 (LLS), 2020 WL 3268488, at *2 (S.D.N.Y. June 15, 2020) (quoting *Gestetner v. Equifax Info. Servs., LLC*, No. 18-CV-5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019)).

Here, Plaintiff simply asserts in a conclusory fashion that Defendants violated the FCRA; she fails to plausibly suggest that Experian failed to follow reasonable procedures to ensure the accuracy of the report, that she was injured, and that Defendants' actions proximately caused her injury. *Iqbal,* 556 U.S. at 678 (noting a plaintiff must do more than present "an unadorned, the-defendant-unlawfully-harmed-me accusation" (internal quotation marks omitted); *see also Thompson*, 2022 WL 2467662, at *7 ("Plaintiff has not alleged with any specificity what the supposed inaccuracies are that were reported, how the reported information was misleading, or how the alleged inaccuracies led to the 'emotional distress and financial loss' and the 'fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury' that Plaintiff alleges.").

c. <u>Violation of New York General Business Law § 349</u>

To state a claim under New York General Business Law § 349 claim, Plaintiff must plead "(1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744–45 (N.Y. 1995)); *Lewis v. Experian Info. Sols., Inc.,* No. 23-CV-

6

857 (AMD) (RML), 2024 WL 1308705, at *10 (E.D.N.Y. Mar. 27, 2024). Here, Plaintiff does not present any plausible allegations to support this claim.

## LEAVE TO AMEND

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days' leave to file an amended complaint. Should Plaintiff elect to file an amended complaint, she must (1) identify the specific information that each Defendant reported that she alleges is inaccurate; (2) explain why the information is inaccurate; (3) plead any facts suggesting that each Defendant failed to follow reasonable procedures in verifying information generally or in response to her inquiries; and (4) identify the concrete harm or injury that she suffered because of the alleged inaccurate information on her credit reports, including when and how many times she was denied credit, where her credit was denied, and what financial or other consequences she suffered due to the denial of credit. Plaintiff is informed that her amended complaint will completely replace, not supplement, the original complaint. Therefore, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction due to Plaintiff's lack of standing. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) (where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice).

  Plaintiff is granted thirty days leave from the date of this memorandum and order to file an amended complaint as detailed above.  Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency.  If Plaintiff fails to amend the complaint within thirty (30) days as directed by this Order, judgment shall be entered.

  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and to note the mailing on the docket.

  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

  SO ORDERED.

                  */s/ Nina R. Morrison*
                  NINA R. MORRISON
                  United States District Judge

Dated:  October 31, 2025
      Brooklyn, New York